**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3091-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KIMBERLY YOUNG,

     Defendant-Appellant.

_____

          Submitted December 17, 2019 – Decided February 3, 2020

          Before Judges Currier and Firko.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 18-024.

          Falcon Law Firm, LLC, attorneys for appellant (Alexander R. DeSevo, on the brief).

          Joseph A. Clark, Howell Township Attorney, attorney for respondent.

PER CURIAM

Defendant appeals from a February 8, 2019 conviction after a trial de novo on the record for the municipal ordinance violation of constructing a building on her property without obtaining the required permits. We affirm.

When defendant decided to build a children's playhouse as a second structure on her residential property, she provided the Township of Howell with a handwritten drawing depicting the structure. Township officials recalled speaking with defendant and explaining the land use process to her and specifically the need for certain permits. Although a land use permit was issued, defendant still needed a building permit. In addition, when the as-built height of the structure was greater than depicted in the original application, officials told defendant she needed a variance. When defendant failed to obtain the permit and variance, she was issued a violation letter and numerous summonses.

After a two-day trial during which nine witnesses testified, the municipal court found defendant guilty of violating Howell Municipal Ordinance § 188-50.[1] The court merged a number of the summonses and imposed a fine of $6105.

---

[1] No land, lot or premises and no building or structure shall be used for any purpose other than those permitted by Articles VIII through XI for the zone in which it is located. No building or structure may be erected, razed, moved, extended, enlarged or altered unless such action is in conformity with the regulations provided for the

Deferring to the municipal court's credibility findings, the Law Division found defendant and her witnesses – her contractor and a neighbor – were not credible. He determined that the Township officials – zoning and code enforcement officers – were credible.

The Law Division also found that the children's playhouse design had evolved into "a cabana house or pool house for an in-ground pool." Defendant did not submit any applications for a building permit and no permit had been issued. The Law Division affirmed the findings of the municipal court and the assessed penalty.

Defendant raises the following issues on appeal:

> I. THE TRIAL COURT ERRED IN ITS CONVICTION OF DEFENDANT, KIM YOUNG, AS THEY HAVE NOT PROVED THE DEFENDANT'S INTENT BEYOND A REASONABLE DOUBT.
>
> II. DEFENDANT, KIM YOUNG'S CONVICTION GOES AGAINST THE WEIGHT OF EVIDENCE.
>
> III. DEFENDANT, KIM YOUNG'S TICKETS SHOULD HAVE BEEN CONSOLIDATED INTO A

---

> zone in which the said building or structure is located. Any deviation proposed from the use and bulk requirements of this chapter shall require a variance pursuant to N.J.S.A. [40:55D-1 to -163].
>
> [Howell Municipal Ordinance § 188-50.]

SINGLE CHARGE PURSUANT TO THE CONCEPT
OF MERGER.

When a defendant appeals a municipal court conviction, the Law Division is "to determine the case completely anew on the record made in the municipal court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses." State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)).

"Our review of the factual record is also limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings." Ibid. (citing Johnson, 42 N.J. at 161-62; State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)). We will "defer to those findings made in the Law Division that are supported by credible evidence, but we owe no deference to the legal conclusions drawn from those findings." Ibid. (citing State v. Handy, 206 N.J. 39, 45 (2011)); see also State v. Morgan, 393 N.J. Super. 411, 422 (App. Div. 2007) ("It is well-recognized that it is 'improper for [an appellate court] to engage in an independent assessment of the evidence as if it were the court of first instance.' . . . Rather, '[a]ppellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human

experience that are not transmitted by the record.'") (alterations in original) (quoting State v. Locurto, 157 N.J. 463, 471, 474 (1999)).

It is "more compelling" to defer to the Law Division where both the Law Division and municipal court "have entered concurrent judgments on purely factual issues." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (quoting Locurto, 157 N.J. at 474).

Defendant contends that the municipal court failed to find she had the appropriate mens rea – knowledge, purpose, or intent – to violate the statute. This argument lacks merit. Intent is not an element of the violations at issue. As we stated in State v. Kiejdan, 181 N.J. Super. 254, 257 (App. Div. 1981), "a 'culpable mental state' is [not] a prerequisite to conviction of an ordinance violation."

We are satisfied there was ample evidence in the record to support the municipal court and Law Division's factual findings and the conviction. Defendant could not produce an application for a building permit or any evidence that a building permit was issued. She was apprised by numerous

A-3091-18T2

township officials of the need for the permit and variance. In addition, she received more than fifty summonses, also notifying her of the deficiencies and violation.

In addressing the penalty, the Township's ordinance provided that each day that defendant was in violation of § 188-50 constituted a separate violation. See Howell Municipal Ordinance § 1-4(d).[2] The Township was permitted to fine defendant for each day that she was in violation of the ordinance. That the municipal court merged a number of the violations was a voluntary act; a "showing [of] mercy" to defendant as described by the Law Division.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Except as otherwise provided, each and every day for which a violation of any provision of the aforesaid codified ordinances or this Code, or any other ordinance of the Township, exists shall constitute a separate violation.

[Howell Municipal Ordinance § 1-4(d).]

A-3091-18T2